By the Court.—Sedgwick, Ch. J.
—It is unnecessary to state the pleadings. The court found, as facts, that the plaintiff had been made assignee in bankruptcy of a firm composed of the defendant and one Davidson; that part of the assets of the firm, when they became bankrupt, “was *282 a seat or membership in the association, in the city of New York, known as the New York Stock Exchange,” which had been purchased in the name of the defendant; that at the time of such purchase the defendant “ became a member of said association, and entitled to the rights of membership, and sat in said association; which seat and rights of membership defendant took, and has ever since continued to hold, in his individual name;” that said seat or membership is of the value of $30,000 ; that plaintiff has demanded of defendant said seat or membership, and all right and title therein ; but said defendant refused, and still neglects and refuses, to comply with said demand, but has at all times since the filing of the petition in bankruptcy held, possessed and enjoyed, and still continues to hold, possess, and enjoy, the same ; that by the constitution and by-laws of said Stock Exchange all dues of a member thereof to the said Exchange are a prior lien upon the seat or membership of such member, and the proceeds thereof ; and such proceeds are also made liable for satisfying the claims of the other members of said Exchange before the balance can be paid to the legal representatives of such member; that by reason of such holding and possession by defendant, there is danger of his incumbering said seat or membership, under the constitution and by-laws of said Exchange, as aforesaid, or that claims for liens or incumbrances thereupon may arise.
The court further found that in and by the constitution and by-laws aforesaid, said seat or membership is transferable, and the defendant, as such member, has the right to transfer his membership under the provisions of said constitution and by-laws. The court did not find what were the conditions of the transferability referred to. The articles in evidence show that a limitation of the' transferability was, that the transferee must be approved by two-thirds of the committee on admissions.
The findings of law were, that by the assignment to the plaintiff as assignee in bankruptcy all the property, right, title and interest of said defendant and his firm “in and to, *283 said seat or membership in the New York Stock Exchange, and the proceeds thereof, passed to, and became and now are, vested in the plaintiff as such assignee,’’ and that the same are property ; that any and all use and occupancy and enjoyment of said seat or membership, and the rights and privileges thereunder, by defendant, are in contravention of plaintiff’s rights as such assignee ; that defendant should be directed and required to do every such act, matter and thing, as shall be lawful and necessary on his part to put plaintiff in such possession and control of said seat or membership, and the rights and privileges thereunder, that the same may be disposed of, and the proceeds thereof realized by, for, or on account of, said plaintiff;. that plaintiff is entitled to judgment that all the right and interest of the defendant in and to the. said seat or membership, and the proceeds thereof, are vested in plaintiff as assignee ; that defendant be enjoined from using, occupying or enjoying, or in any manner interfering with, said seat or membership, or the rights and privileges thereunder, or the proceeds thereof; and that said defendant, upon the request of plaintiff, forthwith execute such instrument or instruments, and do and perform such actor acts of surrender, assignment or transfer, to plaintiff, or to such person as shall be specified by plaintiff, as shall be necessary to be done, performed or executed on the part of the defendant, to the end that said seat or membership may be disposed of, and the proceeds thereof realized by, for, or on account of, said plaintiff, as assignee as aforesaid.
The association was not made a party defendant. Necessarily, it must participate in any proceeding which would transfer the membership to a third party. No one, under existing circumstances, could become a transferee of the right of membership, under the by-laws ; and the testimony does not show that the defendant could do anything to alter these circumstances. For instance, that a contract had been made by plaintiff with a third party conditionally, and the defendant refused to nominate him to the Stock Exchange. The defendant had done no act which impaired the property *284 rights of plaintiff. He had done nothing, and probably could do nothing, which could interfere with the plaintiff selling such right as the plaintiff has. Therefore no equitable cause of action was shown. To make such a cause of action, it is necessary to show that the plaintiff is possessed of some right which the defendant interferes with, or that the defendant is bound in equity to do something to perfect plaintiffs legal title or to enable him to take possession of his right.
In advance of the actual or threatened interference, or in advance of the plaintiff’s being able to enjoy the right, the defendant should not be called upon in a litigation to take part in what is but an argument as to what will be the rights of a plaintiff in a contingency that may never occur. The general rule is, that equity does not entertain questions that do not pertain to definite and existing obligations of defendants ; or, in a common form, that the plaintiff must have a definite and complete right against the defendant (O’Rielly v. Mutual Life Ins. Co., 2 Abb. N. S. 170; Haynes v. American Popular Life Ins. Co., 36 Super. Ct. 214, which applies this principle as to part of a relief demanded, while it follows Cohen v. N. Y. Mutual Life Ins. Co., 50 N. Y. 624, which recognizes the general principle).
It would occupy too much time to state the difference in the views of the plaintiff and of the defendant, as to the nature of the right acquired by the plaintiff, under the assignment in bankruptcy. In some respects, it would appear that the defendant was certainly right. For instance, he denies that privileges personal to him as a member have ever passed to the assignee. The assignee can never be a member. But, whatever view the defendant has taken or announced, it can never interiore with the. .enjoyment of plaintiff of the right he has.
It is not a benefit to the plaintiff that he should have judgment, that in the future the defendant must execute such instrument as the plaintiff shall specify, to the end that the membership may be sold, and the proceeds thereof realized. Such may be his duty hereafter; if it be, he will *285 be held to its performance when the question of performance arises. Until then, the defendant should not be called to litigate as to present .views in their relation to future emergencies. He had a right to take all the time to consider what his views should be. His views being erroneous now, can hardly give a cause of action.
Ñor was the plaintiff injured by what the defendant actually did, so far as that is embodied in the findings “ that the defendant took, and has ever since continued to hold in his individual name, the said rights of membership and seat in said association,” and “ that any and all use, occupancy and enjoyment of said seat or membership, and the rights and privileges thereunder, by defendant, are in contravention of plaintiff’s rights as such assignee.”
The term “seat” implies more of corporeal property than the facts justify. The word is not used in the constitution or by-laws of the Stock Exchange. The right of a membership is incorporeal. The defendant has gone into the Exchange, and used it for buying and selling. There are many other members. The fact that he has thus acted does not, from any inference on the testimony, affect the title or value of the property claimed by the plaintiff. He makes one more broker than there should be, according to the plaintiff’s interpretation of the constitution; but he collects no fees nor enjoys anything which would go to the plaintiff. It is probably true that he is allowed to do what he does on the assumption and assertion, by himself and the officers of the Stock Exchange, that the assignment in bankruptcy did not so entirely divest him of the original rights of membership that upon his discharge in bankruptcy he had not lawful right to use his former privileges. If he were to continue to act as a broker after the Stock Exchange had permitted the plaintiff to transfer to a third person, the plaintiff • would enjoy all the right he claims. The Exchange not being a party, it is not to be assumed that they will not do what by law they are required to do. Their present assertion or assumption, as to the defendant’s right, or want of right, does not show that in *286 the future they will not, upon proper request, perform every duty to the plaintiff.
There is not any possibility that the non-payment of dues by the defendant will disturb plaintiff’s right. No lien can charge the plaintiff’s right which the plaintiff himself has not given or caused.
I am of opinion that, generally, the judgment is a declaration of defendant’s obligation as to contingencies which have not arisen. It is, not intended to intimate that the plaintiff may not have a cause of action in the future against the defendant and the Stock Exchange, if certain things are done.
Judgment reversed and new trial ordered, with costs to abide event.
Truax and Ingraham, JJ., concurred.